Per Curiam.
Preston, as one of the sureties of Craig, .paid a judgment recovered against him, which, divided amongst four of the sureties, made the shares of each amount to $541.85. Robert Campbell paid that sum to Preston, so did Carson; and Arthur Campbell paid $350.50. Afterwards, Young, a fifth surety, paid $541.85. This payment by Young reduced the shares of each surety to $439.48, or thereabouts; leaving in the hands of Preston, to be returned to Robert Campbell, $102.37, or thereabouts; and the remainder to be paid by A. Campbell, $88.98, or thereabouts ; which sum Robert and Arthur agreed should pass to the credit of Arthur, with Preston, Preston, however, being not privy or consenting to this agreement, and Robert gave a receipt to Arthur. * This bill was filed; and the question now is, whether such payment made by Arthur to Robert, without the consent of Preston, is binding upon him, so that Preston cannot demand payment to be made to him by Arthur.. The court is of opinion that it is not a good payment. First, because made since the answer filed. Secondly, because Preston might have sold the chose in action for a valuable consideration to some other person, which would be valid in equity, and he has had no opportunity to state that in the pleadings. Thirdly, because he may have a demand of equal amount against Robert, which, by allowing such payment to be valid, he must now sue for, and may never obtain. As suppose insolvency, the act of limitations, or other obstacle, which if they do not exist here, may in some case, for which this will be a precedent. Therefore the paymeift is not good in law, and there must be the same decree as if it had never been made.
Let the clerk ascertain how much is due to Preston upon the above principles, making exact calculations, and allowing Preston one fifth of the $83 expended in going to Richmond, together with *18 interest thereon from the time of the completion of his journey, ending on his return to his home; and when both sums shall be ascertained and added together, let there be a decree for that sum for the complainant with costs.
See King’s Digest, 2112, 10,158.